**FILED** *LR*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

DEC - 5 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

MAURICE R. HARRIS, AS AN INDIVIDUAL
AND CLASS MEMBER, BY AND
THROUGH HIS NEXT BEST FRIEND AND
NATURAL GUARDIANS, LYNETTE AND
MAURICE HARRIS;

DANIELLE ALISHA FLUDD, AS AN
INDIVIDUAL AND CLASS MEMBER, BY
AND THROUGH HER NEXT BEST FRIEND
AND GUARDIAN, MARY FLUDD;

JUSTIN SIDNEY LEWIS, AS AN
INDIVIDUAL AND CLASS MEMBER, BY
AND THROUGH HER NEXT BEST FRIEND
AND NATURAL GUARDIAN, JAKE LEWIS;

DÈJOHN LAMAR MCKELVEY, AS AN
INDIVIDUAL AND CLASS MEMBER, BY
AND THROUGH HIS NEXT BEST FRIEND
AND NATURAL GUARDIAN, KIM
LYNNETTE HARRIS;

ANDRE ANTON ADDISON, AS AN
INDIVIDUAL AND CLASS MEMBER, BY
AND THROUGH HER NEXT BEST FRIEND
AND NATURAL GUARDIAN, DRUSILLA
CARMELA CLARK-ADDISON;

MICHAEL BOYD, AS AN INDIVIDUAL
AND CLASS MEMBER, BY AND
THROUGH HIS NEXT BEST FRIEND AND
NATURAL GUARDIANS, JOE AND
BEVERLY BOYD;

ANTHONY BURGESS, AS AN INDIVIDUAL
AND CLASS MEMBER, BY AND
THROUGH HIS NEXT BEST FRIEND AND
NATURAL GUARDIANS, WILLIE
CHARLES AND LUCILE BURGESS;

THOMAS COULBOURNE, AS AN
INDIVIDUAL AND CLASS MEMBER, BY

Civil Action No: **2:03 3845 23**

**CLASS ACTION COMPLAINT**
**(JURY TRIAL REQUESTED)**

AND THROUGH HIS NEXT BEST FRIEND       )
AND NATURAL GUARDIAN, AARON            )
SIMMONS;                               )
                                       )
QUINTERRIA DALTON, AS AN               )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HER NEXT BEST FRIEND       )
AND NATURAL GUARDIANS, MICHAEL         )
AND CYNTHIA ROSS;                      )
                                       )
NAVRONE JUSTIN DOZIER, AS AN           )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HIS NEXT BEST FRIEND       )
AND NATURAL GUARDIANS, ERNEST          )
ANDERSON AND FRANCIS ELAINE            )
BROWN;                                 )
                                       )
FREDERICIA JEMMOTT, AS AN              )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HIS/HER PARENT AND         )
NATURAL GUARDIAN, MARK JEMMOTT;        )
                                       )
MELODY LORRAINE LEWIS, AS AN           )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HER NEXT BEST FRIEND       )
AND NATURAL GUARDIANS, RONALD          )
JAKE AND DOROTHY LEE LEWIS;            )
JENNELLE MONIQUE MARTINO, AS AN        )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HER NEXT BEST FRIEND       )
AND NATURAL GUARDIAN, JENNIFER         )
LENORA MARTINO;                        )
                                       )
DANIEL LA'SHAWN MCMICHAEL, AS AN       )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HIS NEXT BEST FRIEND       )
AND NATURAL GUARDIAN, KAREN            )
MCMICHAEL;                             )
                                       )
ALPHONSO L. PATTERSON, AS AN           )
INDIVIDUAL AND CLASS MEMBER, BY        )
AND THROUGH HIS/HER PARENT AND         )
NATURAL GUARDIAN, SHARON               )
PATTERSON;                             )
                                       )
JENNIFER DIANE SMITH, AS AN            )

INDIVIDUAL AND CLASS MEMBER, BY          )
AND THROUGH HER NEXT BEST FRIEND         )
AND NATURAL GUARDIANS, LOUIS             )
LAVORN AND SYLVIA LEE SMITH;             )
                                         )
ANDRIENNE SHREE WESTBROOK, AS AN         )
INDIVIDUAL AND CLASS MEMBER, BY          )
AND THROUGH HER NEXT BEST FRIEND         )
AND NATURAL GUARDIANS, TRACY             )
ARNOLD AND JACKQUELINE VONTRSI           )
SLOSS;                                   )
                                         )
ZACHARY WOODS, AS AN INDIVIDUAL          )
AND CLASS MEMBER, BY AND                 )
THROUGH HIS NEXT BEST FRIEND AND         )
NATURAL GUARDIAN, DONALD WOODS;          )
                                         )
                    *Plaintiffs*         )
                                         )
                    vs.                  )
                                         )
GEORGE C. MCCRACKIN, INDIVIDUALLY        )
AND IN HIS OFFICIAL CAPACITY AS          )
PRINCIPAL OF STRATFORD HIGH              )
SCHOOL; THE BERKLEY COUNTY               )
SCHOOL DISTRICT BY AND THROUGH           )
ITS SUPERINTENDENT, DR. J. CHESTER       )
FLOYD; JOHN DOES A, B, C, D, E & F,      )
STRATFORD HIGH SCHOOL EMPLOYEES,         )
ADMINISTRATION, AND OFFICIALS; CITY      )
OF GOOSE CREEK; CITY OF GOOSE            )
CREEK POLICE DEPARTMENT; HARVEY          )
BECKER, INDIVIDUALLY AND AS CHIEF        )
OF CITY OF GOOSE CREEK POLICE            )
DEPARTMENT; DAVID AARONS,                )
INDIVIDUALLY AND IN HIS OFFICIAL         )
CAPACITY AS A LIEUTENANT OF CITY         )
OF GOOSE CREEK POLICE DEPARTMENT;        )
JOHN DOES 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, )
13 & 14, INDIVIDUALLY AND AS             )
OFFICERS OF CITY OF GOOSE CREEK          )
POLICE DEPARTMENT;                       )
                                         )
                    *Defendants.*        )
                                         )

*The right of the people to be secure in their persons, . . . papers, and*

*effects, against unreasonable searches and seizures, shall not be violated.*

U.S. Const. amend. IV.

Plaintiffs bring this class action on their own behalf and on behalf of a class of similarly situated Stratford High School students to vindicate their Fourth Amendment and Fourteenth Amendment rights under the Constitution of the United States. Plaintiffs, by their next friends and guardians, on information and belief, hereby allege:

I.

## INTRODUCTION

1.     November 5, 2003 started like most Wednesdays at Stratford High School ("Stratford") in Goose Creek, South Carolina. Students on the earliest buses arrived around 6:30 a.m. and filtered into the cafeteria and main hallways; some talked with friends; some gathered their books; others reviewed notes for class. At approximately 6:40 a.m. students in the main hallway heard a loud boom, and uniformed Goose Creek police officers stormed in from different directions with weapons drawn. Prowling their handguns past cowering students, the officers shouted orders to "GET DOWN!" and "PUT YOUR HANDS ON YOUR HEAD!" One officer pointed his semi-automatic handgun directly in the face of several children and at the back of a student's head, while others threw students to the floor and bound students' hands behind their backs with plastic restraints. Stratford personnel—including Stratford Principal George McCrackin—actively participated in this hallway raid, assisting the officers' efforts, detaining and searching students.

2.     At about the same time, Stratford personnel entered the cafeteria, approached a small group of students sitting at a table, and ordered them to put their hands on the table and not to move. Officers then approached the students, ordered them to stand, bound their hands behind their back, and paraded them past the other students in the cafeteria to the hallway lined with other students seized by officers and Stratford personnel.

3.      After the police officers and Stratford personnel had seized the students in the hall, they ordered them to stand on their knees, facing the wall, with their hands behind their heads.  The students in restraints could not get to their knees on their own, and the officers grabbed their shoulders and jerked them up.  The officers and Stratford personnel then grabbed each of the students' bags and placed it directly behind and one to three feet away from the student.  The students and their bags remained in this position as a police officer led a large Czechoslovakian Shepherd down the lines of students.  Although the dog was apparently trained to detect drugs, it did not heal properly in the hallway, pulled on its leash, and did not appear to respond to commands.  The dog and frightened the students who, with their hands behind their heads or bound behind their backs, felt helpless to defend against an attack.

4.      The students, at least 107 in number, were forced to remain so positioned in the hallway until shortly before the 7:20 a.m. bell rang.  During this time, some students were ordered to empty their pockets and take off their shoes and were patted down by officers, Principal McCrackin, or other Stratford personnel.  A police officer with a video camera recorded the students throughout much of this episode, and officers wrote down each of their names before allowing the students to proceed to their first period classes.

5.      Throughout the entire episode and in its planning, Stratford Principal George McCrackin and other Stratford personnel directly assisted the officers' search and seizure of the students.

II.

JURISDICTION AND VENUE

6.      Plaintiffs bring this action pursuant to Title 42, United States Code, Sections 1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States. The Court has subject-matter jurisdiction of this action under Title 28, United States Code, Section 1331 because it arises under the Constitution and laws of the United States and under Section 1343 of Title 28 because it seeks to redress civil-rights violations.  Plaintiffs also bring state-law claims arising out of the same events and occurrences, and the Court may exercise

subject-matter jurisdiction over these claims pursuant to Section 1367 of Title 28.

7.    Venue is proper in this Court under Title 28, United States Code, Section 1391(b) because all of the Defendants reside in the District of South Carolina and the events giving rise to the action occurred in this District.

III.

PARTIES

Plaintiffs

8.    At all times relevant to the allegations of this complaint, Plaintiffs were citizens of the United States and residents of South Carolina.  Plaintiffs, by their next friends and guardians, bring this class action on their own behalf and on behalf of a class of similarly situated Stratford High School students.

9.    Plaintiff Maurice R. Harris, age 14, is enrolled as a ninth-grade student during the 2003-04 school year at Stratford High School and intends to enroll again for the 2004-05 school year.  Maurice Harris is a minor, and this action is brought through his next best friend Maurice Harris.  On November 5, 2003, Maurice had arrived at school aboard Bus 8 around 6:30 a.m. and was standing in the main hallway near the stairwell when he heard a loud boom.  He thought someone had been shot when he saw from all directions swarming uniformed police officers, some with handguns drawn.  One police officer ran up to him aggressively and pointed a handgun directly at his face.  The officer was only a few feet away when he pointed his weapon at Maurice, and Maurice can still see the end of the barrel looking him in his face.  Maurice turned to take cover and fell to the floor.

10.    Maurice was forced to remain on the ground for several minutes and was then ordered to stand on his knees, facing the wall, with his hands behind his head.  After some time had passed, an officer led a large Czechoslovakian Shepherd just a few feet behind him.  Maurice was scared of the dog; it appeared ill-behaved and unresponsive to commands.  Maurice was forced to remain in a position of helplessness while the dog passed behind him and was forced to remain in this same position until shortly before the 7:20 a.m. bell rang when an officer took

6

down his name and sent him off to his first-period class.

11.    Defendants searched and seized Maurice in violation of his constitutional rights, assaulted and falsely imprisoned him, and Maurice has suffered damages thereby.

12.    Plaintiff Danielle A. Fludd, age 15, is enrolled as a tenth-grade student during the 2003-04 school year at Stratford High School and intends to enroll again for the 2004-05 school year. Danielle Fludd is a minor, and this action is brought through her next best friend and guardian ad litem, Mary Fludd. On November 5, 2003, her mother dropped Danielle off at school around 7:00 a.m. Danielle took her normal route to her first-period class and came upon a group of seized students in the main hallway. An officer pointed his handgun at Danielle and ordered her to get down on the floor. After some time, an officer led a large Czechoslovakian Shepherd just a few feet in front of her. Danielle was extremely scared by the sight of the handgun pointed at her and the entire experience. Shortly before the 7:20 a.m. bell rang, Danielle was allowed to proceed to class. No one took down her name.

13.    Defendants searched and seized Danielle in violation of her constitutional rights; falsely imprisoned and assaulted her; and Danielle has suffered damages thereby.

14.    Plaintiff Justin S. Lewis, age 16, is enrolled as a twelfth-grade student during the 2003-04 school year at Stratford High School and plans to attend college next year. Justin Lewis is a minor, and this action is brought through his next best friend and guardian ad litem, Jake Lewis. On November 5, 2003, Justin had arrived at school aboard Bus 15 around 6:30 a.m. and was sitting at a table with some friends in the cafeteria when he was approached first by Stratford personnel and then by Goose Creek police officers. Without cause or explanation, the officers bound his hands behind his back, ordered him and his friends from their table, and paraded them past the other students in the cafeteria to the hallway lined with other seized Stratford students.

15.    Justin was forced to lie on the ground with the other students for approximately five minutes and was then ordered to his knees facing the wall. Justin could not rise to his knees because the restraint still bound his arms behind his back, and an officer forcefully pulled him up and onto his knees. After remaining on his knees facing the wall for some time, a police officer

approached Justin with a large and apparently unruly Czechoslovakian Shepherd. The dog frightened Justin. Justin was then forced to remove his shoes and his wallet for inspection by the police officers and Stratford personnel, and McCrackin patted him down. Justin was forced to remain on the floor until shortly before the 7:20 a.m. bell rang when an officer took down his name and allowed him to proceed to his first-period class.

16.     Defendants searched and seized Justin in violation of his constitutional rights; falsely imprisoned, assaulted, and battered him; and Justin has suffered damages thereby.

17.     Plaintiff Michael Boyd, age 15, is enrolled as a ninth-grade student during the 2003-04 school year at Stratford High School and intends to enroll again for the 2004-05 school year. Michael Boyd is a minor, and this action is brought through his next best friend and guardians ad litem, Joe and Beverly Boyd. On November 5, 2003, Michael had arrived at school aboard Bus 5 around 6:30 a.m. and was standing in the main hallway near the main stairwell when he heard a loud boom. He next saw several uniformed police officers enter the hallway, some with handguns drawn, from all different directions. The officers ordered him to the floor. He remained on the floor for several minutes until he was ordered to stand on his knees, facing the wall, with his hands behind his head. He remained in this position while an officer led a large Czechoslovakian Shepherd just a few feet behind him. Michael was scared of the dog that appeared to be unresponsive to commands. Michael was forced to remain on his knees until shortly before the 7:20 a.m. bell rang. An officer then took his name down, and he was ordered off to his first-period class.

18.     Defendants searched and seized Michael in violation of his constitutional rights, falsely imprisoned and assaulted him, and Michael has suffered damages thereby.

19.     Plaintiff Dèjohn L. McKelvey, age 16, is enrolled as an eleventh-grade student during the 2003-04 school year at Stratford High School and intends to enroll again for the 2004-05 school year. Dèjohn McKelvey is a minor, and this action is brought through his next best friend and guardian ad litem, Kim Lynnette Harris. On November 5, 2003, Dèjohn had arrived at school aboard Bus 5 around 6:30 a.m. and was sitting and reviewing his notes for class next to

the main hallway's main stairwell when he heard a loud boom.  Dèjohn went about his work until he heard a commotion in the hallway.  A uniformed officer with his handgun drawn then approached him and pointed his gun in Dèjohn's face.  Dèjohn could clearly see the barrel of the handgun.  The officer ordered Dèjohn to the ground, and Dèjohn was pushed to the ground from behind while attempting to comply with the officer's command.  An officer then bound Dèjohn's hands behind his back with restraints.

20.    Dèjohn remained on the floor for a couple of minutes until an officer ordered him to his knees.  Dèjohn could not comply with the command because of the restraint binding his hands, and the officer pulled him up forcefully to his knees.  Dèjohn was forced to remain on his knees facing the wall until shortly before the 7:20 a.m. bell rang, when an officer took down his name and sent him off to his first-period class.

21.    Defendants searched and seized Dèjohn in violation of his constitutional rights; falsely imprisoned, assaulted, and battered him; and Dèjohn has suffered damages thereby.

22.    Andre Anton Addison is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003.  Andre is a minor, and this action is brought by his next best friend, Drusilla Carmela Clark-Addison.

23.    Anthony Burgess is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003.  Anthony is a minor, and this action is brought by his next best friends, Willie Charles and Lucile Burgess.

24.    Thomas Coulbourne is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003.  Thomas is a minor, and this action is brought by his next best friend, Aaron Simmons.

25.    Quinterria Dalton is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003.  Quinterria is a minor, and this action is brought by her next best friends, .Michael and Cynthia Ross.

26.    Navrone Justin Dozier is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003.  Navrone is a minor, and this action is brought

by his next best friends, Ernest Anderson and Francis Elaine Brown.

27.    Fredericia Jemmott is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Fredericia is a minor, and this action is brought by her next best friend, Mark Jemmott.

28.    Melody Lorraine Lewis is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Melody is a minor, and this action is brought by her next best friends, Ronald Jake and Dorothy Lee Lewis.

29.    Jennelle Monique Martino is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Jennelle is a minor, and this action is brought by her next best friend, Jennifer Lenora Martino.

30.    Daniel La'Shawn McMichael is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Daniel is a minor, and this action is brought by his next best friend, Karen McMichael.

31.    Alphonso L. Patterson is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Alphonso is a minor, and this action is brought by his next best friend, Sharon Patterson.

32.    Jennifer Diane Smith is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Jennifer is a minor, and this action is brought by her next best friends, Louis Lavorn and Sylvia Lee Smith.

33.    Andrienne Shree Westbrook is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Andrienne is a minor, and this action is brought by her next best friends, Tracy Arnold and Jackqueline Vontrsi Sloss.

34.    Zachary Woods is currently a student at Stratford High, and was subject to and present during the raid on November 5, 2003. Zachary is a minor, and this action is brought by his next best friends, Donald Woods.

<u>Defendants</u>

35.     <u>George C. McCrackin</u> ("McCrackin"), Principal of Stratford, planned, ordered, orchestrated, and executed the November 5, 2003, raid on the Stratford campus.  He is sued in his individual and official capacities.  Upon information and belief, he is a resident of South Carolina.

36.     <u>Berkeley County School District</u> ("District"), by and through its superintendent Dr. J. Chester Floyd, bears legal responsibility for Stratford personnel, including McCrackin to whom it delegated final decision-making authority for Stratford's administration.  The District also failed to train, supervise, and respond to complaints about McCrackin and the other District and/or Stratford personnel who participated in the planning and/or execution of Stratford raid. The District resides in South Carolina.

37.     <u>John Does A through F</u> are Stratford personnel, including but not limited to assistant principals, teachers, and coaches ("Stratford Personnel") who participated in the planning and/or execution of the Stratford raid and who under color of law violated the clearly established constitutionally protected rights of Plaintiffs.  Plaintiffs do not presently know the identity of John Does A-F; however, Plaintiffs will amend their complaint to state the true name of John Does A-F as soon as possible.  Upon information and belief, John Does A-F are residents of South Carolina.

38.     <u>City of Goose Creek</u> ("Goose Creek") is a governmental entity created and authorized under the laws of the State of South Carolina.  Goose Creek is ultimately responsible for the actions of its Police Department to which it delegated final policymaking authority in the area of law enforcement.

39.     <u>City of Goose Creek Police Department</u> ("Goose Creek Police Department") is a governmental agency organized under the laws of the State of South Carolina and the City of Goose Creek and is responsible for law enforcement in the City of Goose Creek.  The Police Department resides in South Carolina.

40.     <u>Harvey Becker</u> ("Becker"), Chief of the Goose Creek Police Department, bears

11

ultimate responsibility in his official capacity for the actions of law-enforcement officers employed by his agency; ordered the November 5, 2003 Stratford raid while acting under color of law; is chief policymaker for law enforcement for the City of Goose Creek; and is responsible for training, supervision, and control of the employees of the Goose Creek Police Department. He is sued in his individual and official capacities. Upon information and belief, he is a resident of South Carolina.

41.     David Aarons ("Aarons"), a lieutenant in the Goose Creek Police Department, planned, ordered, orchestrated, and executed the November 5, 2003 raid on the Stratford campus. He is sued in his individual and official capacities. Upon information and belief, he is a resident of South Carolina.

42.     John Does 1 through 14 are officers in the Goose Creek Police Department who participated in the Stratford raid and under color of law violated the clearly established constitutionally protected rights of Plaintiffs (collectively with Aarons, "Officers"). Plaintiffs do not presently know the identity of John Does 1-14; however, Plaintiffs will amend their complaint to state the true name of John Does 1-14 as soon as possible. Upon information and belief, John Does 1-14 are residents of South Carolina.

Class Allegations

43.     Plaintiffs bring this action individually and on behalf of themselves and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1), (2) & (3). The class, as proposed by plaintiffs, consists of all students who were seized and/or searched during the November 5, 2003 Stratford raid.

44.     Plaintiff class members meet the requirements of Rule 23 (a) because the persons contained in the class are so numerous that joinder of all members is impracticable, there are questions of law and fact common to each class member, the claims and defenses of the representative parties are typical of the claims and defenses applicable to each class member, and the representative parties will fairly and adequately represent the interests of the class.

45.     The criteria set out in Rule 23(b)(1) are satisfied because adjudication in a

piecemeal or individual basis can lead to inconsistent findings, could be dispositive and impede non parties rights and establish differing standard of conduct. Furthermore, Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole and fulfilling the criteria of Rule 23(b)(2). Additionally, questions of law and fact common to class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy; therefore, the criteria set out in Rule 23(b)(3) are also satisfied.

IV.

FACTS

46.     The Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     On November 5, 2003, Defendants acting under color of law jointly and intentionally seized the Plaintiffs without probable cause or reasonable suspicion of illegal activity and without any reason to fear danger to themselves or others and, therefore, violated Plaintiffs' constitutionally protected right to be free from an unreasonable seizure and/or deprived them of liberty without due process of law. By these same acts, Defendants falsely imprisoned Plaintiffs and directly and proximately caused their damages thereby.

48.     In using their weapons to seize these Plaintiffs without probable cause or reasonable suspicion of wrongdoing or danger, Defendants executed an unreasonable search and seizure and used plainly excessive force that contributed to the unreasonableness of the students' unlawful search and seizure and deprivation of liberty without due process of law. By these same acts, Defendants assaulted Plaintiffs and directly and proximately caused their damages thereby.

49.     In using physical force to subdue students prone on the floor and/or pick them up from the floor, Defendants executed an unreasonable search and seizure and used plainly excessive force that contributed to the unreasonableness of the students' search and seizure and

deprivation of liberty without due process of law. By these same acts, Defendants assaulted and battered Plaintiffs and directly and proximately caused their damages thereby.

50.    In using restraints to bind Plaintiffs' hands behind their backs, Defendants executed an unreasonable search and seizure and used plainly excessive force that contributed to the unreasonableness of the students' search and seizure and deprivation of liberty without due process of law. By these same acts, Defendants assaulted, battered, and falsely imprisoned Plaintiffs and directly and proximately caused their damages thereby.

51.    In forcing students to stand on their knees, facing the wall, with their hands behind their heads or behind their backs in restraints, Defendants executed an unreasonable search and seizure and used plainly excessive force that contributed to the unreasonableness of the students' unlawful seizure and seizure and deprivation of liberty without due process of law. By these same acts, Defendants falsely imprisoned Plaintiffs and directly and proximately caused their damages thereby.

52.    Defendants acted jointly and intentionally to cause a search of Plaintiffs with a Czechoslovakian Shepherd trained in narcotics-detection without probable cause or reasonable suspicion of any illegal activity on the part of Plaintiffs. Therefore, they violated the students' constitutionally protected right to be free from an unreasonable search and deprived them of liberty without due process of law.  By the manner in which the Defendants used this Czechoslovakian Shepherd and positioned the Plaintiffs, Defendants falsely imprisoned and assaulted Plaintiffs and directly and proximately caused their damages thereby.

53.    Based on the totality of the circumstances, the search and/or seizure of Plaintiffs was altogether unreasonable.

54.    Based on the totality of the circumstances, the November 5, 2003 Stratford raid was altogether unreasonable.

55.    At all relevant times, Defendants acted under color of law.

56.    At all relevant times, Defendants acted jointly, intentionally, and pursuant to a common plan to so seize and/or so search Plaintiffs.

57.    It is clearly established that a person acting under color of law cannot search or seize a person without at least reasonable suspicion that the person to be searched or seized has committed some wrongful act.

58.    The November 5, 2003 Stratford raid represented a new drug-search policy at Stratford and other schools in the Berkeley County School District.  McCrackin has made clear that this type of raid will be and is the standard policy for Stratford's administration.

59.    The District delegated final decision-making authority to McCrackin for the administration of Stratford; McCrackin planned, ordered, and orchestrated and executed the search and seizure of Plaintiffs without reasonable suspicion and thereby demonstrated deliberate indifference to the Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivation of these Plaintiffs' same rights and their damages.

60.    The District also failed to train and supervise McCrackin and other Stratford Personnel in, inter alia, what constitutes reasonable suspicion and probable cause of students' illegal conduct, how to conduct school drug searches without violating students' constitutional rights, when and how to inform law-enforcement authorities about suspected illegal activity in school; its failure amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

61.    The District also failed to take remedial action when confronted with complaints about McCrackin's and other Stratford Personnel's routine violation of students' Fourth and Fourteenth Amendment rights; this failure to respond amounted to deliberate indifference to the Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

62.    Similarly, the District's failure to take remedial action against its employees and/or the employees of its schools when presented with complaints about their violations of students' Fourth and Fourteenth Amendment rights constituted a custom of such violations that amounted to deliberate indifference to these Plaintiffs' Fourth and Fourteenth Amendment rights

15

and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

63.    The November 5, 2003 Stratford raid represents the school's drug-search policy to be instituted at Stratford by Goose Creek  and the Goose Creek Police Department.  Aarons noted that this type of raid would be standard policy for law enforcement at Stratford and any other school in its jurisdiction.

64.    A person delegated with final decision-making authority for law enforcement by the Goose Creek Police Department planned, ordered, and/or orchestrated the Stratford raid and thereby acted with deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

65.    The Goose Creek Police Department failed to train and/or supervise its Officers in, inter alia, what constitutes reasonable suspicion and probable cause, how to conduct school drug searches without violating students' constitutional rights, the appropriate use of service pistols and revolvers during school drug searches and in general, the appropriate use of plastic hand restraints during school drug searches and in general, the appropriate use of physical force during school drug searches and in general; its/their failure to train and/or supervise amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

66.    Goose Creek and/or the Goose Creek Police Department also failed to take remedial action when confronted with complaints about its Police Officers' routine violation of individuals' Fourth and Fourteenth Amendment rights; this failure to respond amounted to deliberate indifference to the Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

67.    Similarly, Goose Creek's and/or the Goose Creek Police Department's failure to take remedial action against its police officers when presented with complaints about their violations of individuals' Fourth and Fourteenth Amendment rights constituted a custom of such

Fourth and Fourteenth Amendment rights violations that amounted to deliberate indifference to these Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' same rights and their damages.

V.

CLAIMS

Count I

Liability of Principal McCrackin, the Police Officers, Stratford Personnel and Chief Harry Becker Individually for Violations of Plaintiffs' Fourth and Fourteenth Amendment Rights Actionable Under Title 42, United States Code, Sections 1983

68.     The Plaintiffs reallege and incorporate by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, . . . papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (id. at amend. XIV).

70.     McCrackin, the Officers, and Stratford Personnel violated Plaintiffs' Fourth and Fourteenth Amendment rights by planning, ordering, orchestrating, and/or executing the Stratford raid.  They acted jointly and pursuant to a common plan to so seize and/or so search Plaintiffs without probable cause or reasonable suspicion of wrongful activity on Plaintiffs' part or danger to any person.  They acted under color of law and directly and proximately caused the deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

71.     Acting in his individual capacity as Chief of the Police Department, Becker makes final decisions regarding law enforcement for Goose Creek and its Police Department. Becker ordered the planned Stratford raid replete with its suspicionless search and seizure of Plaintiffs, and in so doing, intended to cause the suspicionless search and seizure of Plaintiffs, acted with deliberate indifference to their Fourth and Fourteenth Amendment rights, and directly

17

and proximately caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

72.    The actions and omissions of McCrackin, the Officers, Stratford Personnel, and Becker were undertaken with malice, or in reckless, callous, or willful disregard for, and indifference to, Plaintiffs' Fourth and Fourteenth Amendment rights.

<u>Count II</u>

<u>Liability of the District and Official-Capacity Defendant McCrackin for Violations of Plaintiffs' Fourth and Fourteenth Amendment Rights Actionable Under Title 42, United States Code, Section 1983</u>

73.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74.    The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, . . . papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (<u>id.</u> at amend. XIV).

75.    The District is liable for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights because its policies, practices, and/or customs amounted to deliberate indifference to the Plaintiffs' Fourth and Fourteenth Amendment rights and directly caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

76.    Acting in his official capacity, McCrackin is the final decision-maker for the administration of Stratford for the District.  He planned, ordered, orchestrated, and executed the November 5, 2003 raid, including the search and seizure of Plaintiffs without probable cause or reasonable suspicion, and in so doing, intended to cause the suspicionless search and seizure of Plaintiffs and acted with deliberate indifference to their Fourth and Fourteenth Amendment rights.  As the final decision-maker for Stratford's administration, McCrackin's planning, ordering, orchestrating, and executing the raid constitutes the District's official policy.

Furthermore, in his post-raid comments to the media McCrackin make evident the District's intention to make this type of raid, this type of search and seizure, standard policy at Stratford.

77.    The District's policy of inadequate training and supervision of its and/or Stratford's employees, including McCrackin and John Does A through F, amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and directly and proximately caused the deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

78.    The District's failure to take remedial action in response to complaints about constitutional violations perpetrated by McCrackin, other Stratford Personnel, and other employees evidences its inadequate training and supervision and constitutes a custom of Fourth and Fourteenth Amendment violations in the District that amounts to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivation of these Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

Count III

Liability of Goose Creek, the Goose Creek Police Department, and Official-Capacity Defendant Becker for Violations of Plaintiffs' Fourth and Fourteenth Amendment Rights Actionable Under Title 42, United States Code, Section 1983

79.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.    The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, . . . papers, and effects, against unreasonable searches and seizures, shall not be violated" (U.S. Const. amend. IV), and the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law" (id. at amend. XIV).

81.    The Police Department is liable for the violations of Plaintiffs' Fourth and Fourteenth Amendment rights because their policies, practices, and/or customs amounted to deliberate indifference to the Plaintiffs' Fourth and Fourteenth Amendment rights and directly

caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

82.     The November 5, 2003 Stratford raid represented the first instance of a new drug-search policy to be instituted at Stratford by Goose Creek and the Goose Creek Police Department.  Aarons made clear in his post-raid comments to the media that this type of raid would be standard policy for law enforcement at Stratford and any other schools in the Goose Creek Police Department's jurisdiction.

83.     Acting in his official capacity as Chief of the Police Department, Becker is the final decision-maker for the Police Department.  Becker ordered the planned Stratford raid replete with its suspicionless search and seizure of Plaintiffs, and in so doing, intended to cause the suspicionless search and seizure of Plaintiffs, acted with deliberate indifference to their Fourth and Fourteenth Amendment rights, and directly and proximately caused the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

84.     Goose Creek and/or the Goose Creek Police Department failed to train and/or supervise its Officers in, inter alia, what constitutes reasonable suspicion and probable cause, how to conduct school drug searches without violating students' constitutional rights, the appropriate use of service pistols and revolvers during school drug searches and in general, the appropriate use of restraints during school drug searches and in general, the appropriate use of physical force during school drug searches and in general; its/their failure to train and/or supervise amounted to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of the deprivations of these Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

85.     Goose Creek's and/or the Goose Creek Police Department's failure to take remedial action in response to complaints about constitutional violations perpetrated by its police officers evidences its inadequate training and supervision and constitutes a custom of Fourth and Fourteenth Amendment violations in its jurisdiction that amounts to deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights and was the direct and proximate cause of

the deprivation of these Plaintiffs' Fourth and Fourteenth Amendment rights and their damages.

Count IV

Liability of Defendants Under State Law

ASSAULT

86.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 87 of this Complaint as if fully set forth herein.

87.    The extreme and harsh tactics utilized by the Defendants were excessive and put the Plaintiffs in reasonable fear of imminent bodily harm.

BATTERY

88.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89.    The Defendants intentionally inflicted forcible contact on the Plaintiffs and such contact was unjustified, unreasonable, and unwarranted.

FALSE ARREST

90.    The Plaintiffs reallege and incorporate by reference paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.    The Defendants restraint of these Plaintiffs was intentional and unlawful.  As a result the Plaintiffs were deprived of their liberty without lawful justification.

VI.

PRAYER FOR RELIEF

WHEREFORE,

Plaintiffs accordingly pray for the following relief:

A.    A preliminary and permanent injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participating with them from violating students' Fourth and Fourteenth Amendment rights by participating in a drug search similar to the November 5, 2003 raid.

B.    A declaration pursuant to Title 28, United States Code, Sections 2201 and 2202

that the November 5, 2003 searches and seizures at Stratford High School violated the Fourth and Fourteenth Amendments to the United States Constitution and that the policy of continuing such searches and seizures would likewise violate the Fourth and Fourteenth Amendments.

    C.      Compensatory and punitive damages;

    D.      Allow Plaintiffs to recover their costs of suit and reasonable attorneys' fees under Title 42, United States Code, Section 1988; and

    E.      Such other and further relief as this Court may deem necessary and proper under the circumstances.

Respectfully submitted,

Ronald L. Motley, Esquire
Frederick (Fritz) J. Jekel, Esquire
Marlon Kimpson, Esquire
Badge Humphries, Esquire
**Motley Rice LLC**
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC  29465
(T) 843-216-9000
(F) 843-216-9450

Dwayne Green, Esquire
**Hampton & Green, LLC**
P.O. Box 20009
100 Brigade Street (29403)
Charleston, SC  29413
(T) 843 266-2626
(F) 843-266-2627

Jack D. Cordray, Esquire
**Cordray Law Firm**
40 Calhoun Street
P. O. Drawer 22857
Charleston, SC  29413-2857
(T) 843-577-9761
(F) 843-853-6330

Michael A. Stricker, Esquire
**Solomon Budman & Stricker, LLP**
One Poston Road, Suite 315
P. O. Box 30280
Charleston, SC  29417-0280
(T) 843-763-1118
(F) 843-763-7518

**Thad Doughty, Esquire**
Attorney at Law
3844-A Leeds Avenue
North Charleston, SC  29405
(T) 843-747-5050
(F) 843-747-4030

**Juan Tolley, Esquire**
171 Church Street, Suite 160
Charleston, SC  29401
(T) 843-727-0077
(F) 843-720-3729

This 5th day of December 2003.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

Ronald L. Motley, Esquire
Frederick (Fritz) J. Jekel, Esquire
Marlon Kimpson, Esquire
Badge Humphries, Esquire
**Motley Rice LLC**
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC  29465
(T) 843-216-9000
(F) 843-216-9450

Dwayne Green, Esquire
**Hampton & Green, LLC**
P.O. Box 20009
100 Brigade Street (29403)
Charleston, SC  29413
(T) 843 266-2626
(F) 843-266-2627

Jack D. Cordray, Esquire
**Cordray Law Firm**
40 Calhoun Street
P. O. Drawer 22857
Charleston, SC  29413-2857
(T) 843-577-9761
(F) 843-853-6330

Michael A. Stricker, Esquire
**Solomon Budman & Stricker, LLP**
One Poston Road, Suite 315
P. O. Box 30280
Charleston, SC  29417-0280
(T) 843-763-1118
(F) 843-763-7518

**Thad Doughty, Esquire**
Attorney at Law
3844-A Leeds Avenue
North Charleston, SC  29405
(T) 843-747-5050
(F) 843-747-4030

**Juan Tolley, Esquire**
171 Church Street, Suite 160
Charleston, SC  29401
(T) 843-727-0077
(F) 843-720-3729

This 5th day of December 2003.

Christopher McCool, Esquire
**JOYE LAW FIRM, LLP**
5868 Rivers Ave., Ste. 101
North Charleston, SC  29406
(T) 843-554-3100
(F) 843-554-6539

**ATTORNEYS FOR PLAINTIFFS**      Dated: Dec. 5ᵗʰ _____, 2003